IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | | |
|---|---|---|
| Michael Palma<br>　*Plaintiff,*<br><br>v.<br><br>STATE OF TEXAS, GREG ABBOTT, in his Official capacity as Governor of Texas, HARRIS COUNTY APPRAISAL DISTRICT, ROLAND ALTINGER, in his official capacity as chief appraiser, HARRIS COUNTY APPRAISAL REVIEW BOARD, RONNIE THOMAS, in his official capacity as chairman, GENERAL LAND OFFICE OF TEXAS, GEORGE P BUSH, in his official capacity as commissioner of the General Land Office, HARRIS COUNTY TAX ASSESSOR COLLECTOR, ANN HARRIS BENNETT, in her official capacity of assessor collector,<br>　*Defendants* | §§§§§§§§§§§§§§§§§§§§§ | Civil Action No. _____ |

## **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

I. The Parties to this complaint

　A. Plaintiff

　　　Michael-Francis Palma

　　　5026 Autumn Forest Dr.

　　　Houston, Harris County

　　　Texas 77091

　　　713-263-9937

　　　Mpalma1@gmail.com

　B. Defendants

　　1. State of Texas

　　　Greg Abbott

　　　William P. Clements State Office Building

　　　300 W. 15th St.

　　　Austin, Texas 78701

        (512) 463-2100

2. Texas Attorney General

    Ken Paxton

    William P. Clements State Office Building

    300 W. 15th St.

    Austin, Texas 78701

    (512) 463-2100

3. Harris County Appraisal District

    Roland Altinger

    13013 Northwest Freeway

    Houston, Harris County

    Texas 77040

4. Harris County Appraisal Review Board

    Ronnie Thomas

    13013 Northwest Freeway

    Houston, Harris County

    Texas 77040

5. Harris County Tax Assessor / Collector

    Ann Harris Bennett

    1001 Preston St.

    Houston, Texas 77002

6. Texas General Land office

    George P. Bush

    1700 N. Congress Ave.

    Austin, TX 78701-1495

Plaintiff Michael Palma seeks relief from this Court against Defendants State of Texas (the "State"), Greg Abbott (in his official capacity as Governor of Texas), Harris County Appraisal District (the "HCAD"), Roland Altinger (in his official capacity), Harris County Appraisal Review Board (the "ARB"), Ronnie Thomas (in his official capacity), the General Land Office of Texas (the "GLO"), George P. Bush (in his official capacity), the Harris County Tax Assessor Collector, (the "HTAC"), Ann Harris Bennett, (in her official capacity) and the Texas Attorney General (the "AG") (in his official capacity), collectively, the "Defendants". Plaintiff is challenging the constitutionality of Defendants

right to impose taxes on property, in this instant case a private home, not being used in a commercial capacity, and in support would show the Court as follows:

## EXECUTIVE SUMMARY

It has long been held in this Country that a "Home is a man's castle" and that said man has a right to defend his home from threats. This is commonly known as the castle doctrine. However, threats come not only from the physical act of incursion, but also when law enforcement officers or others intrude upon the curtilage of home (see *Florida v. Jardines*, 569 U. S. 1 (2013) and *Mitchel v. United States*, 9 Peters, 711(1835)). This includes when officials of the Defendants decide that a Man's private abode is within the reach of the Executive branch of government by overtly imposing a property tax on property that no branch of government, state or county, has the right to do. Plaintiff expected to have legal recourse through the State Courts for the HCAD to show any semblance of rights, authority or ownership over the Plaintiff's private home but after six plus years in the State judicial system and obtaining no answers as to their jurisdiction over the private home, Plaintiff resorted to a federal suit (4:20-CV-02741) against not only the HCAD but also two state judges. Case 02741, for all intents and purposes has stalled. It is because both defense attorneys (one of which is the AG) flatly refused in that case to answer two questions, and Judge Bennett's failure to order them to answer, that this cause of action is now filed directly challenging the constitutionality of taxation of a private home.

The following are foregone facts: 1) the State of Texas ceded the land, everything on the land, and all rights to it, upon which this private home sits, in what is known as the McCleland Land Patent, 2) the State and its political subdivisions have the right to impose taxes on those entities which it grants permission to exist or do business in the State, 3) that a Patent is a specialized Contract upon which no person or entity can impinge or encroach upon as stated in many Contract law cases, 4) a right cannot be converted to a privilege so it can be made taxable, and 5) though it seems the defendants assume otherwise neither Texas or its political subdivisions "grant" an American the right to live where he is lawfully entitled. Additionally, the God given, Natural and Constitutional right to Life, Liberty and Pursuit of Happiness necessarily includes the right to own property and to live and hold said property without interference except under special circumstances, such as when the State or its political subdivisions are executing its police powers. Indeed, the combination of ceding of rights and the constitutional right of Life and property leaves little that the State can lawfully do, obtain from, or impose against private non-commercial property, to include but not limited to a private home.

The Defendant's power to suspend the right of property ownership or impose its will nonchalantly upon said private home has never been considered inherent in the executive powers of Article 4 of the Texas Constitution and fly in the face of the Fifth Amendment of the Federal

Constitution when several of the Defendants simply presume that they have such a right thereby initiating a "taking" under the same. Thus, the right to impose a property tax in Texas must fall within Article 1 or Article 8 of the Texas Constitution. However, even if the Legislature of Texas attempted to impose a statewide property tax it would be prohibited from doing so as shown in Sec. 1-e of Article 8 and as such has no right to delegate said authority to its political subdivisions. Article 8 additionally limits the power of taxation by utilizing the words "unless exempt as required" in Sec. 1(b). When referring to fully exempt property, the Texas Tax code in Sec 11.01 (a) states that certain property may be "exempt by law" while 11.01(b) further clarifies that property can only be taxed if "located in this state." Several court cases herein presented shall show that "located in this state" has been defined in Texas appellate courts. Such a tax on private non-commercial homes cannot be supported under Articles 1, 4 or 8 of the Texas Constitution or under any other enumerated power. And if the Legislature itself lacks the constitutional power to intrude upon the private affairs of owners of private non-commercial property then also lacking is the state's political subdivisions, several of the Defendants, to do so.

Because Defendants have clearly transgressed well established constitutional constraints, Plaintiff files this suit seeking a declaration that the ad valorem tax scheme imposed on private non-commercial homes as unconstitutional because it both exceeds the limited powers of the state and local government and violates the Administrative Procedure Act of Texas (the "TAPA"). For the same reasons, Plaintiff also seeks an injunction against the Defendants to halt the imposition of the ad valorem tax scheme upon the private non-commercial home commonly referred to as 5026 Autumn Forest Dr.

The Republic of Texas and private property rights now stand at an important crossroads. Either the Federal and Texas Constitutions, their codes and case law matter and must be followed or private property rights no longer exist. Plaintiff suggests respectfully that this court not legislate from the bench, nor in any way help defendants in organized criminal activities, etc., rather that this Court enforce the Rights and laws that are currently on the books.

This Court is to take judicial notice under Rule 201 Fed. Rul. Evid. that all documents that are certified by either state or county agencies are verifiable and whose source and accuracy cannot reasonably be questioned.

All other exhibits coming from federal/state/county agencies can be authenticated as to accuracy by that agency, or the writings within them can be verified via sources whose accuracy cannot be reasonably questioned. I, Michael Palma, do hereby state, claim and acknowledge that those non-certified documents are true accurate and correct. By affixing my signature to the bottom of this document I do solemnly swear that all documents are true and accurate.

II. Basis for Jurisdiction

  A. Federal Question

   1. First, Fourth, Fifth and Fourteenth Amendments to the Constitution

   2. Sections 1981, 1982, 1983 (Jurisdiction and venue), 1985 (3), 1986, 1988 (Jurisdiction and venue) Title 42 United States Code

   3. Sections 1331 and 1343, Title 28 United States Code

   4. Declaratory relief is provided under 28 U.S.C §2201 and preliminary and permanent injunctive relief under 28 U.S.C §2202.

  B. This cause of action is based on:

   1. the unconstitutional application of Texas State Constitution and statutes on private non-commercial homes. See the attached form entitled Challenge to Constitutionality of a State Statute (submitted with this cause of action),

   2. And the fact that the State of Texas ceded all rights and ownership of said land via the McCleland Land Patent signed by the George Wood, Texas Governor on August 2, 1848 (Exhibit A),

   3. And the fact that all Americans have the right to exclude all others from entering or even interfering in their private lives and their private homes unless by warrant or due process of law thereby affording each American with a reasonable expectation of privacy.

III. Statement of Claim and Questions presented

  A. A Land Patent is a specialized contract. Under Contract law no person or entity has the right to interfere with said contract unless under dispute or evidence of fraud. The Land Patent in question has come under attack by the political subdivisions of the State: ARB, HCAD, and HCTAC and their agents.

  B. The unrelenting, year after year, attack on the Patent violates plaintiffs' rights under both the Federal and State Constitutions, federal codes and state statutes by culminating in a taking of either the plaintiffs' money (in violation of the Hobbs Act) or, if not paid, the forceable removal of this plaintiff by other characters of the county.

  C. By failing to provide the most basic of information or enforce the meaning of words defined by the Texas Appellate Courts at HCAD/ARB hearings and the many court cases over the years has led to unreasonable seizure, deprivation of life, liberty and property without due process (Constitutional violations), and violations under various Sections of Title 42.

  D. The questions presented are simply these:

    1. Did the Land Patent divest the State and its political subdivisions of all rights to the land ceded in the Patent?

        a) And if not, then what rights were retained and able to be delegated to either the State's political subdivisions or even to a Home Owners Association?

        b) In essence the Texas General Land Office is required to defend the Patent as written or explain why a state agency or the state judiciary has the authority or under what conditions it can interfere with the contract.

    2. What properties are "exempt as required" as stated in Sec. 1(b) Art. 8 of the Texas Constitution, and

    3. Are the political subdivisions (HCAD/ARB/HCTAC) mandated to apply the definition of "located in this state" as stated by the Texas Appellate Courts for Sections 11.01 and 11.02 of the Texas Tax code on Plaintiff's home?

IV. Relief requested and brief answer

    A. Plaintiff is requesting that this Court issue a holding determining the following:

        1. The validity of the McCleland Land Patent and state to what extent, if any, rights to the ceded land were retained by the State and its political subdivisions,

        2. what property is "exempt as required" under Section 1(b) Article 8 Texas Constitution with the corollary of what properties are "exempt by law" under Section 11.01 of the Texas Tax Code, and

        3. what is the meaning of "located in this state" under Sections 11.01 and 11.02 Texas Tax code, then

        4. enforce the above meanings/definitions upon the Defendants through declaratory and injunctive relief.

    B. In short, this complaint will clearly answer and demonstrably show that this private home, out of necessity,

        1. sits on ceded land with no reservations provided to the State,

        2. is not "located in this state" for ad valorem tax purposes and

        3. is "exempt as required."

Without said relief Plaintiff will once again be denied his inalienable right to private property ownership thereby causing an unreasonable seizure and other rights violations.

V. What this cause of action is NOT about

    A. Trying to imply that the Texas tax code is fully unconstitutional

       1.     Plaintiff is fully aware that the state and its political subdivisions have the authority tax any entity which it "creates," such as an LLC or any other business entity or any foreign entity it permits to do business in the state.

       2.     That being said, plaintiff does contend that without the relief being granted the ad valorem tax scheme is being unconstitutionally applied for the reasons stated herein. Thereby causing a constitutional chasm between Man's basic God given rights and what the founding fathers believed should be held most dear, ones "life, liberty and pursuit of happiness" and the states use of deceptive devices and schemes to enslave its people through unconstitutional taxation of property that is being utilized for the creature comforts of its citizens.

B.    Trying to state that plaintiff's property is or is not taxable – rather due to the facts shown herein it will be made clear that it is proper and lawful to infer and ultimately hold that plaintiff's property is not subject to the state's ad valorem tax scheme and thereby proper for this court to issue the relief requested.

## FACTS

VI.    Evidence of unconstitutional application of the ad valorem tax scheme on private homes

A.    The attached McCleland Land Patent (Exhibit A) clearly and demonstrably indicates that in 1848 the State of Texas ceded the land therein described, without reservation, to the heirs of Samuel McCleland.

       1.     This Patent was issued pursuant to the Texas Constitution of 1845.

       2.     Thereby providing for not only the State but also no political subdivision thereof to interfere in the peaceful enjoyment of said land by the plaintiff unless plaintiff utilizes the land for business purposes and any interference by a political subdivision of a state, including a home owners association (HOA), or the state judicial branch constitutes tortuous interference of a contract.

       3.     Under the premise of Contract Law, it is considered tortuous interference (also see Sec. 10 Art.1 U.S. Constitution and Sec. 16 Art. 1 Texas Constitution) when a party, in this case the State itself through its state judiciary and the Defendants, or their representatives financially damages another through interfering with the peaceful enjoyment of any part of the land ceded under the Land Patent. By unlawfully claiming rights that were ceded by the State each Defendant has thereby conspired to deprive

this plaintiff the peaceful enjoyment of said land but also threaten and enforce expulsion if said funds are not forward to HCTAC.

B. Definition of "located in this state" by Texas Appellate Courts:

1. The following cases define or imply that this phrase for property, to be ad valorem taxable, must be ***both*** a) domiciled in this state and b) in or doing business. The phrase is in many subparts of Chapter 11 of the Texas tax code but defined only in the case law.

    a) *City of Houston v. Morgan Guar. Intl. Bank* (666 S.W. 2nd 526) (Exhibit B)

    b) *Dallas County Appraisal District v. L.D. Brinkman & Co.* 701 S.W.2d 20 (Tex. App.–Dallas 1985, writ ref'd n.r.e.) (Exhibit C)

        (1) The *Brinkman* court also went on to say: "Since "jurisdiction to tax" means the legitimate power to tax, section 11.01, which defines the state's taxing jurisdiction over real and tangible personal property, also **defines the limits of the legitimate power of the State of Texas and its political subdivisions to tax such property.**" (emphasis added)

2. The reason for the State Appellate Court decisions were due to *Gibbons v. Ogden,* 22 U.S. (9 Wheat.) 1 (1824) which said that when a federal and state law are in conflict, federal law is supreme.

    a) Even though *Gibbons* was a navigable waterway case it lays clear that the federal "Supremacy Clause" tilts the balance toward the federal law. In this instance that federal power is enforceable by the federal judiciary. The federal judiciary ensures:

        (1) The right of ownership of one's home and be secure within it (Fourth Amendment) and

        (2) to enforce the right to due process (Fifth Amendment) from any state representative attempting to trespass upon the unalienable right of property ownership.

    b) Hence, by delineating when property *is* taxable the appellate courts ensured that a private home would not be taxable to prevent violating these Amendments thereby preserving an American's rights.

  c) That being said, the HCAD continually and with malicious intent places private non-business property on its appraisal rolls in violation of the Bill of Rights, federal code and state constitutional and statutory sections.

3. The meaning provided by these courts agree with and comport to chapter 311 of the Texas Govt. code which indicates:

  a) That an entire sentence[1] and every word must be given meaning[2] and considered when determining its meaning[3] and

  b) in order not to render an absurd result a phrase defined by a court must have the same meaning in the same subsection and throughout the chapter unless it is redefined.[4]

4. Another way to say it is that: according to Justice Frankfurter, "statutes cannot be read intelligently if the eye is closed to considerations evidenced in affiliated statutes," *and part of the statute's context is the body of law of which it forms a part.*[5]

5. There is no proof that plaintiff's private home is in or doing business (Exhibit D from the Texas Secretary of State) and there is no proof of any other definition or meaning of the term of art that has ever been provided by any political subdivision of the state or the Texas Attorney General.

6. In fact, defendant employed attorneys have either remained silent at the most recent ARB/HCAD hearing (Mr. Preisler and Mr. Hilshire), while the others (Mr. Viada of Viada and Strayer and Mrs. Robinson of the AG's office) have done their best to simply not answer these questions (Exhibits E and F) while the State Judges (Weems and Davis) simply have ignored the State Appellate Courts decisions thereby providing for both a civil and criminal conspiracy and racketeering charge under Sections 1985 and 1986 of Title 42 United States Code.

---

[1] Code Construction Act and the Construction of Laws Act, *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW (2012) at 167.

[2] Id. and *also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW (2012) at 174

[3] *TGSNOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438–39 (Tex. 2011); *see Zimmer US, Inc. v. Combs*, 368 S.W.3d 579, 582–83 (Tex. App.–Austin 2012, no pet.), *City of Dallas v. TCI W. End, Inc.*, 463 S.W.3d 53, 55 (Tex. 2015); *Rent-A-Center*, 579 S.W.3d at 495-96, *Combs v. Newpark Res., Inc.*, 422 S.W.3d 46, 49 (Tex. App.–Austin 2013, no pet.); *see Hegar v. Sunstate Equip. Co.*, 578 S.W.3d 533, 535 (Tex. App.–Austin 2017, pet. granted).

[4] *Entergy Texas, Inc. v. Pub. Util. Comm'n of Texas*, No. 01-18-00556-CV, 2020 WL 3525484, at *3 (Tex. App. June 30, 2020), *Hayek v. W. Steel Co.*, 478 S.W.2d 786, 793 (Tex. 1972), *In re Pirelli Tire, L.L.C.*, 247 S.W.3d 670, 677 (Tex. 2007); *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d at 318 (2002), as stated in Texas AG opinion No GA-0518(RR V6 DEF. EX 21); *Paddock v. Siemoneit*, 218 S.W.2d 428, 435 (Tex. 1949), *see also* ANTONIN SCALIA & BRYAN A. GARNER, READING LAW (2012) at 170.

[5] ANTONIN SCALIA & BRYAN A. GARNER, READING LAW (2012) at 252.

  C. "Exempt as required" – God's and Nature's laws, common law, along with the Organic laws of the United States, provide that We The People shall have the rights to be secure in and not deprived of our property except by due process of law. These rights: 1) are enforceable by a federal court through the 14th Amendment upon a union State and 2) are the underlying principles of property that is necessarily "exempt as required" under Section 1(b) Article 8 Texas Constitution or its statutory corollary "exempt by law" in Sec. 11.01(a) of the Texas Tax code.

    1. Because Texas fails to provide a list of properties that are "exempt as required" one need only look to the sister state of Florida which provides persuasive authority of the protection of property rights through its Constitution, statutes; specifically, its administrative code while confirming the Texas Appellate Courts stated definition of "located in this state:"

      a) Article 7 section 3b Florida Constitution (Exhibit G)

      b) Section 196.181 Florida Statutes (Exhibit H)

      c) Section 12D-7.002 Florida Administrative code (Exhibit I) – specifically –

        (1) any items that provide creature comforts such as food, clothing and shelter[6] shall ***never be taxed*** unless used for business purposes.

        (2) This simple administrative code and statute clearly aligns with Texas appellate court decisions of *Morgan* and *Brinkman* and Texas Constitution and statutes.

    2. Under the supremacy clause of every State Constitution, it upholds that every right guaranteed in the Federal Constitution shall be enforceable at the state level while *EX PARTE YOUNG* 209 U.S. 123 (1908) *et. al.*[7] provides the federal courts with the enforcement authority of said rights upon agents of the State.

---

[6] NOTE: there is no such list in Texas

[7] *LIBBY v. MARSHALL* 833 F.2d 402 (1987), *OWEN v. CITY OF INDEPENDENCE*, 100 S.Ct. 1398 (1980) : "Section 1983 was just such a statute. By including municipalities within the class of "persons" subject to liability for violations of the Federal Constitution and laws, Congress -- the supreme sovereign on matters of federal law [Footnote 30] -- abolished whatever vestige (Page 445 U. S. 648) of the State's sovereign immunity the municipality possessed,", *State of MAINE et al., Petitioners, v. Joline THIBOUTOT*, 448 U.S. 1 (100 S.Ct. 2502, 65 L.Ed.2d 555) and in *Hafer vs. Melo*, 502 U.S. 21; "officials and judges are deemed to know the law and sworn to uphold the law; officials and judges cannot claim to act in good faith in willful deprivation of law, they certainly cannot plead ignorance of the law, even the Citizen cannot plead ignorance of the law, the courts have ruled there is no such thing as ignorance of the law, it is ludicrous for learned officials and judges to plead ignorance of the law therefore there is no immunity, judicial or otherwise, in matters of rights secured by the Constitution for the United States of America." See: Title 42 U.S.C. Sec. 1983.

    a)    It is within the wording set forth within the several State Constitutions which preserves these highly protected rights that the federal principles of comity Article IV, §2 Clause 2 Federal Constitution can be used to ensure that the "The Citizens of each State shall be entitled to all Privileges and Immunities of Citizen in the several States."

    b)    Hence the principle of being secure in one's home or shelter includes the prohibition of any state or its political subdivisions from indulging in a "taking[8]" or taxation of a man's property, which includes his food, clothing and shelter.[9]

3. See also Section 1981, Title 42 United States Code as it states:

    a)    **STATEMENT OF EQUAL RIGHTS**

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

4. See also Section 1982, Title 42 United States Code as it states:

"All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property."

---

[8] Which is a violation of the Hobbs act as these takings are done via fraud, threats, duress and coercion.

[9] *Severance v. Patterson, 370S.W.3d 705, 55 Tex. Sup. Ct. J. 501 (2012)*: Private property rights have been described "as fundamental, natural, inherent, inalienable, not derived from the legislature and as pre-existing even constitutions." *Eggemeyer v. Eggemeyer, 554 S.W.2d at 140, Evelyn Miller v. United States of America, 230 F.2d 486 (5th Cir)*: "She is entitled to be secure in her home, free from unreasonable search, under the guarantee of the Fourth Amendment to the Constitution." (under the Fourth seizure is included with both enforceable through the Fourteenth Amendment), *W. Va. State Bd. of Educ. v. Barnette, 319 U.S. 624, 638, 63 S.Ct. 1178, 87 L.Ed. 1628 (1943)*: Private property rights are considered fundamental rights under the Constitution. (describing "one's right to life, liberty, and property" as "fundamental rights"), *In re Kemmler, 136 U.S. 436, 448, 10 S.Ct. 930, 34 L.Ed. 519 (1890)*: "Protection to life, liberty, and property rests primarily, with the states, and the [14th] amendment furnishes an additional guaranty against any encroachment by the states upon those fundamental rights which belong to citizenship....", *Kelo v. City of New London, 545 U.S. 469, 510–11, 125 S.Ct. 2655, 162 L.Ed.2d 439 (2005)*: (Thomas, J., dissenting) "The Public Use Clause, in short, embodied the Framer's understanding that property is a natural, fundamental right....", See also James Madison, Property, 27 Mar. 1792, reprinted in 14 THE PAPERS OF JAMES MADISON 266 (Robert A. Rutland et al., eds., 1983) ("Government is instituted to protect property of every sort; as well that which lies in the various rights of individuals, as that which the term particularly expresses. This being the end of government, that that alone is a just government, which impartially secures to every man, whatever is his own."), *Coolidge v. New Hampshire, 403 U.S. 443, 445 (1971)*: "It is the duty of the courts to be watchful for the constitutional rights of the citizen, and against any stealthy encroachments thereon." (originally stated in *Boyd v. United States, 116 U.S. 616 (1886)* and again in *Byars v United States, 273 U.S. 28 (1927)*))

5.  The most basic rights of life, liberty, happiness and *property,* which are expressed in such phrases as "creature comforts," "exempt by law" and "exempt as required" shall not have statutes that are repugnant to them or in the alternative be enforced unconstitutionally, such protections are expounded upon in the following cases:

    a)  *Waffle House, Inc. v. Williams,* 313 S.W.3d 796, 802 (Tex. 2010)

    b)  *Cash Am. Int'l, Inc. v. Bennett,* 35 S.W.3d 12, 16 (Tex. 2000)

    c)  *Satterfield v. Satterfield,* 448 S.W.2d 456, 459 (Tex. 1969)

    d)  *Hale v. Henkel,* 201 U.S. 43, 74

    e)  It is well settled that, quite apart from the guarantee of equal protection, if a law "impinges upon a fundamental right explicitly or implicitly secured by the Constitution [it] is presumptively unconstitutional." *Mobile v. Bolden,* 446 U.S. 55, 76, 100 S.Ct. 1490, 1504, 64 L.Ed.2d 47 (plurality opinion).[10]

    However, I think the following case says it best:

    f)  *Miranda v. Arizona,* 384 U.S. 436 (1966)

    > "Where rights secured by the Constitution are involved, there can be no rulemaking or legislation which would abrogate them."

6.  Nor can the Defendants partake of other unconscionable acts;

    a)  *Murdock v. Pennsylvania,* 319 U.S. 105 (1943): a state cannot take a constitutional, inalienable right, and convert it into monetary gain,

    b)  *Sherar v. Cullen,* 481 F. 946 (1973): the loss of one's money or one's home should be held to be a form of compulsion in violation of the Fourth amendment enforceable through the Fourteenth.

    c)  *District of Columbia v. Little,* 178 F.2d 13 (D.C. Cir. 1949), aff'd 339 U.S. 1 (1950): constitutional guarantees can be invoked not only against "malevolent and arrogant agents," but "wise and benign officials."

7.  Even as far back as 1890 when Samuel D. Warren and Louis D. Brandeis wrote in "The Right to Privacy"[11]

    a)  "That the individual shall have full protection in person and in property is a principle as old as the common law" and that the "right to secures the

---

[10] As stated in *Harris v. McRae* - 448 U.S. 297, *100 S. Ct. 2671* (1980).
[11] Harvard Law Review, Vol. IV. December 15, 1890, No.5.

exercise of extensive civil privileges; and the term 'property' has grown to comprise every form of possession - intangible, as well as tangible."[12]

  b) Judge Cooley even stated that people have the right "to be let alone."[13]

  c) "The common law has always recognized a man's house as his castle, impregnable, often, even to its own officers engaged in the execution of its commands."[14]

D. Paragraph 2 Article 6 Federal Constitution – Supremacy clause

 1. It is duty of every judge to enforce the rights of the people against any officials determined to violate those rights.

 2. For a federal judge it is his most solemn duty to protect the most basic of rights against run-amuck state officials when a legislative act is in violation of said rights as stated in *Marbury v. Madison*, 5 U.S. (2 Cranch) 137, 180 (1803).

  a) "Certainly, all those who have framed written constitutions contemplate them as forming the fundamental and paramount law of the nation, and consequently the theory of every such government must be, that an act of the legislature, repugnant to the constitution, is void."

E. The HCTAC

 1. Even Mr. Ed Francis of the HCTAC stated in an email that property tax payments were voluntary – so if this is true, then why does the HCAD automatically decide that all property belongs in the ad valorem tax scheme and why are there "consequences to non-payment"? (Exhibit J)

IX. Private homes

A. To further confirm what types of things are taxable, and why, one need simply to delve into the United Stated Code.

 1. Because taxation is based on the "value of the realty," and it is clear that what is being taxed is what that "value" is derived from, a Federal Reserve note, then Section 8 Title 18 and Section 3124 Title 31 come into play.

 2. A Federal Reserve note is an obligation of the United States (Title 18) which cannot be taxed by a state or a political subdivision thereof (Title 31), unless the thing be taxed is a corporation or an estate or inheritance.

---

[12] Ibid page 193
[13] Ibid pages 193 and 195, Cooley on Torts, 2d ed., p.29
[14] Ibid page 220

        a)      Thus, confirming what every court has held in lawful opinions – to be taxable the thing (or person) being taxed must be in business.[15]

        b)      This is also confirmed in *Redfield v. Fisher*, 135 Or. 180, 295 P. 461, 292 P. 813 (1930) and to many others to count throughout the Union.

3.      Hence, to preserve a Man's rights, an ad valorem tax in Florida on the value of food, clothing, and shelter is strictly prohibited in its Administrative code/Statute unless they are used for "commercial purposes." This well-hidden provision maintains the ability of the State to maintain its "appearance of constitutionality" while using the publics lack of knowledge of these sections to continue to seek out ad valorem taxes on its hapless victims.

4.      Rather than defining these three types of properties, Texas, only makes reference to those properties that are "exempt as required" or "exempt by law." While this lack of directness is not necessarily in violation of a Man's rights, it is without question a savvy ploy to again use the publics lack of knowledge of these types of property to continue to seek and obtain ad valorem and sales taxes from its hapless victims.

B.      Time to return to Kansas, err…...Texas

1.      The wizards (Defendants) want the public to believe that by simply being "in Texas" (or wizards in any other Union State) makes a private non-commercial home ad valorem taxable, however when the curtain is pulled back several things are exposed for the world to see:

        a)      Texas appellate court decisions of *Morgan* and *Brinkman* clearly held that "located in this state" to mean *both* domiciled and in business. This is to maintain congruity with all the court cases mentioned herein and the United States Code, confirms and preserves the state's constitutional right to tax things in business.

        b)      The words in the Texas Constitution, "exempt as required," is the state's method of maintaining "constitutionality." However, without adequate training to ARB or HCAD employees by either the State Comptroller[16] or

---

[15] NOTE: by default, then when you and I buy anything from any store and the store offers you the option to pay its sales tax, the simple answer is to say no as you, a human being, are not liable for a corporation tax of any sort. Again, ignorance of the law by the public is the easiest way for hapless victims to be held pseudo-liable for someone else's liabilities. Furthermore, there is no doubt that government can only control what it creates and government did NOT create me!!

[16] Sec. 5.03. Texas Tax Code: POWERS AND DUTIES GENERALLY. (a) The comptroller shall adopt rules establishing minimum standards for the administration and operation of an appraisal district.

Attorney General or the knowledge of what property is "exempt as required" being identified to the public there is an unlawful and unconstitutional disconnect between its meaning and implementation. And when such information is requested, as this plaintiff has been doing over the course of the past five plus years, there has been nothing but ineffable silence and obtuse consternation over the questions not only by several of the defendants but also the State District and Appellate court judges. The Texas and United States Supreme Courts have also remained silent on this issue when brought by this Plaintiff for reasons that can only be speculated.

2. In yet another attempt to find answers plaintiff filed suit against the Texas Comptroller[17] to find out what properties are "exempt as required" and the lawful definition of "located in this state."

    a) Because of the suit I spoke to Mr. Murl Miller, Chief Counsel for General Litigation, for a little over three hours. Mr. Miller was very helpful, for he stated that the Comptroller does not advise any ARB's or AD's (appraisal districts) in the state what the list or meaning is as neither are in its training publications. These determinations are left up to each county agency in clear violation of Sec. 5.03 Texas Tax code.

    b) Mr. Miller did however send plaintiff an email (Exhibit K) indicating that all statutes must be read in their entirety and that all words must be read and used with their proper meaning which comports with Chapter 311 and 312 of the Texas Government code and the many court cases he cited are cited herein along with other cases and legal scholarly authors.

    c) In fact, an Assoc. Deputy General Counsel – Mr. Jim Nolan – of the same agency specifically stated that what was needed for both "exempt as required" and "located in this state" was a "legal interpretation." (the email from the General Counsel can be provided upon request) In fact, Mr. Nolan's email was the impotence for the suit against the Comptroller and provided credible cause for filing the federal suits against two state district judges.[18]

    d) The Texas Attorney General can provide opinion letters to any state agency or political subdivision who requests one. However, having done an exhaustive search of the AG website, plaintiff was unable to find any opinion

---

[17] D-1-GN-20-004989, 353rd Judicial District Court, Travis County
[18] Case # 4:20-cv-2741 and 4:20-cv-2743

for these two items. The implication by both officers of the Comptroller was that the State is unwilling to pull back the curtain of deception thereby "passing the buck" to someone else to make those determinations.

  e) This despite the fact that according to Sec. 5.03 Texas Tax code the comptroller "shall adopt rules establishing minimum standards for the administration and operation of an appraisal district," Sec. 25.03 "The comptroller may adopt rules establishing minimum standards for descriptions of property" and in Sec. 41.70 "shall adopt minimum standards for the form and content of the notice required by this section.[19]"

  f) Hence on its face even though the State is forbidden to exact an ad valorem tax, it appears that the State Comptroller controls a good portion of the ad valorem tax scheme. However, it still fails to provide the basic items being requested by this Plaintiff going back many years or provide basic guidance to the appraisal districts.

  g) The "buck" now falls upon this Court to limit the wizards (Defendants) unconstitutional acts.

IX. The Texas Administrative Procedure Act

  A. This Act can be found in Chapter 2001 of the Texas Government code

  B. It requires that ALL administrative acts of the various state agencies, including the comptroller, and sub agencies to comply with adopted and indexed rules.

  C. The Comptroller has failed to provide the basic meanings, definitions and lists to the various AD's thereby failing the primary tenants of both the TAPA and Tax code.[20]

  D. In fact, there is no indexed rule, order or decision[21] that Plaintiff is aware of that permits the Comptroller to allow, enable or provide for an ad valorem tax on non-commercial property. Which is perhaps the reason why the Comptroller provides no rule, decision or guidance to the AD's concerning private non-commercial homes.

  E. In plain fact under Sec. 2001.028 requires law enforcement to abide by its set of rules. However, without any rule concerning private non-commercial land and property, the several state law enforcement agencies monthly without proper authority forcibly remove people from their homes or otherwise separate private non-commercial land from its rightful owner.

---

[19] This section is the notice and appeals section of the code. NOTE: The HCAD for every year of the past 6 have failed to provide a Tax code Sec. 41.41(a)(3) hearing that was requested by the Plaintiff in its first round of hearings for any said year thereby requiring Plaintiff to return to the HCAD office time and again.
[20] See also TX AG Opinion No. JC-0150
[21] Sec. 2001.005

Page **16** of **18**

The law is clear – An injunction can only be granted if there is proof that the party in question has caused or is about to cause irreparable harm. The facts set forth herein clearly expose the methodology and obfuscation tactics by the Defendants to allow the ad valorem tax scheme in Texas to be applied to private non-commercial property. The scheme as implemented by the Defendants violate basic property rights, the rights of Man, the Constitutions, and numerous federal and state statutes. Despite and perhaps due to the complexity and sophistication of the scheme and the methodologies employed, it has been a reliable tactic to enable unlawful takings under color of law thereby causing irreparable harm not only to the Plaintiff but every other Texan-American since probably long before this Plaintiff first set foot on any ceded land within the exterior limits of what is called the Republic of Texas.

## X.   PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for declaratory and injunctive against Defendants and that the Court:

1) Issue a preliminary injunction against the Defendants, as well as all agents, administrators, employees, or other persons acting on behalf of the Defendants, from enforcing the ad valorem tax scheme as applied to private noncommercial homes and other property similarly situated;
   a. Due to the fact that the ad valorem tax scheme as applied to private homes is unconstitutional on its face because it is unsupported by any power granted to any branch or political subdivision of the state by the Texas Constitution,
   b. Due to the fact that the ad valorem tax scheme as applied to private homes is invalid under the Texas Administrative Procedure Act, as there is no current rule permitting said use of the scheme on non-commercial homes/property,
   c. Due to the fact that it is inconsistent with any constitutional right, power, privilege, or immunity granted to the defendants and violates the same of the plaintiff,
   d. And not in accordance with law both federal and state law.
2) issue a permanent injunction against the Defendants, as well as all agents, administrators, employees, or other persons acting on behalf of the Defendants, from enforcing the ad valorem tax scheme as applied to private noncommercial homes and other property similarly situated; and
3) grant such other and further relief as the Court deems equitable, just, and proper,
4) submit this document and all exhibits to the Assistant U.S. Attorney General for prosecution under various acts to include but not limited to: racketeering, takings and Hobbs act violations.

XI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing  4/9/21

Signature of Plaintiff

Printed Name of Plaintiff    Michael Palma