IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
*May 24, 2021*
Nathan Ochsner, Clerk of Court

| | |
|---|---|
| Michael Palma<br> *Plaintiff*, | §<br>§<br>§ |
| v. | §   Civil Action No. 4:21-cv-01210 |
| STATE OF TEXAS, GREG ABBOTT, in his Official capacity as Governor of Texas, HARRIS COUNTY APPRAISAL DISTRICT, ROLAND ALTINGER, in his official capacity as chief appraiser, HARRIS COUNTY APPRAISAL REVIEW BOARD, RONNIE THOMAS, in his official capacity as chairman, GENERAL LAND OFFICE OF TEXAS, GEORGE P BUSH, in his official capacity as commissioner of the General Land Office, HARRIS COUNTY TAX ASSESSOR COLLECTOR, ANN HARRIS BENNETT, in her official capacity of assessor collector,<br> *Defendants* | § |

## **PLAINTIFF'S RESPONSE TO ALL DEFENDANTS MOTIONS/ANSWERS/RESPONSES**

  Plaintiff would like to remind the Court that Plaintiff is challenging the constitutionality of the applicability of two sections of the Texas Tax code (§§11.01 and 11.02) on a private home based on the fact that the land/property being taxed sits on ceded ground. The questions in this cause of action are as follows and repeated from the Questions presented in paragraph D of the original cause of action:

  1. Did the Land Patent divest the State and its political subdivisions of all rights to the land ceded in the Patent?

    a) And if not, then what rights were retained and able to be delegated to either the State's political subdivisions or even to a Home Owners Association?

    b) In essence the Texas General Land Office is required to defend the Patent as written or explain why a state agency or the state judiciary has the authority or under what conditions it can interfere with the contract.

  2. What properties are "exempt as required" as stated in Sec. 1(b) Art. 8 of the Texas Constitution, and

3. Are the political subdivisions (HCAD/ARB/HCTAC) mandated to apply the definition of "located in this state" as stated by the Texas Appellate Courts for Sections 11.01 and 11.02 of the Texas Tax code on Plaintiff's home?

Please note that at no point in all of the Defendants answers/responses/motions do they answer these questions. And also note that the Harris County Tax Assessor/Collector has still not responded.

Each defendant brings up the same old arguments – claims barred for various reasons, no standing, immunity of various sorts, *Rooker – Feldman* and the old standby, Plaintiff fails to state a claim upon relief can be granted. It is for these reasons the primary issue in this case is "Did the Land Patent divest the State and its political subdivisions of all rights to the land ceded in the Patent?" There are absolutely no defenses or grounds that the Defendants can claim to have this case dismissed.

This Court must remember that the Plaintiff has asked the same questions listed as #2 and 3 in state court for years and in the federal case having #4:20-cv-2741 and has never received an answer to them. Hence the reason why case #4:20-cv-2741 involves two state district court judges as defendants. Plaintiff has no remedy in the State Courts and does not expect one for any questions filed in state court.

As to the many other proposed defenses just for reference - Plaintiff is NOT:

1) asking for interference with any lawful tax code, hence the tax injunction act and *Rooker-Feldman* are moot
2) asking for actual relief – which is monetary or punitive, hence this is moot,
3) barred by standing - all Americans have the right to redress government when simple answers are wholly unattainable or when asked in state court go unanswered year after year, and finally
4) barred by any immunity or failing to state a claim for the simple reason that this is first and foremost a constitutional question based on the validity of the Texas land patent, second; if I remember my civics classes correctly, WE THE PEOPLE, as stated above, have the right to ask constitutional issues to the government, and third; as pointed out in *EX PARTE YOUNG* 209 U.S. 123 (1908) *et. al.*[1] any violation of vested rights is necessarily a violation

---

[1] *LIBBY v. MARSHALL* 833 F.2d 402 (1987), *OWEN v. CITY OF INDEPENDENCE*, 100 S.Ct. 1398 (1980) : "Section 1983 was just such a statute. By including municipalities within the class of "persons" subject to liability for violations of the Federal Constitution and laws, Congress -- the supreme sovereign on matters of federal law [Footnote 30] -- abolished whatever vestige (Page 445 U. S. 648) of the State's sovereign immunity the municipality possessed,", *State of MAINE et al., Petitioners, v. Joline THIBOUTOT,* 448 U.S. 1 (100 S.Ct. 2502, 65 L.Ed.2d 555) and in *Hafer vs. Melo*, 502 U.S. 21; "officials and judges are deemed to know the law and sworn to uphold the law; officials and judges cannot claim to act in good faith in willful deprivation of law, they certainly cannot plead ignorance of the law, even the Citizen cannot plead ignorance of the law, the courts have ruled there is no such thing as ignorance of the law, it

under Sections 1981, 1982 or 1983. If property rights are no longer vested rights in this Country, then I truly do not understand what a MAN's rights are.

From the Plaintiff's perspective and hopefully this Courts – if the state had the right to do anything to or with the ceded land all Defendants would simply state it. However, at no point do they ever claim any retained rights. It is Plaintiff's belief that the answer to these few questions would lead to a much shorter brief, say 2-3 pages, then the 20+ pages by the state or the 10 pages by county agencies to try to get this case dismissed.

If the land patent is not a contract with the original patentee and his successors or assigns and the STATE; then perhaps the General Land Office can explain who the original and subsequent parties to the contract are. For if I, a MAN, have no rights under the contractual agreement called the Patent as a successor or assign then somebody in the state or its political subdivisions had better start paying insurance and all of the maintenance that has been and needs to be done on the property. Is it not true that if the county does not receive its "rent" each year then it will forcibly evict someone, thereby causing harm upon that person and a violation of that person's property rights long held dear in this country?

It is for the reasons stated above that the Plaintiff asked for Injunctive relief and for this Court to answer the questions and asks for no discovery from the Defendants. This Court failed to invoke the injunctive relief and Plaintiff was again forced to pay homage or feudal tenure to the state's political subdivisions, thereby causing loss of funds.

Should this Court state that *any* rights are retained by the State (or perhaps have these questions certified to the Texas Supreme Court), then this Court must answer the follow up questions in such a manner as not to violate Plaintiffs' private property rights, explicitly state how the State can interfere with ceded land, must state with certainty, as Florida has done, what property is Constitutionally "exempt as required," and redefine the Texas Appellate Courts' definitions of "located in this state." The final hurdle your Honor must overcome is the plain fact that under Federal code Section 3124 Title 31 that no state or political subdivision of a state can tax a Federal Reserve note unless the tax is levied on a franchise or an inheritance.

Alternatively, should this Court find that the State holds no vested rights in the ceded land then the answer to questions 2 and 3 are plain and simple. 1) Florida's list of untaxable property includes food, clothing and shelter are valid throughout the Union States and are Constitutionally "exempt as

---

is ludicrous for learned officials and judges to plead ignorance of the law therefore there is no immunity, judicial or otherwise, in matters of rights secured by the Constitution for the United States of America." See: Title 42 U.S.C. Sec. 1983.

required," 2) the Texas Appellate Courts' definition of "located in this state" stands as being defined as both domiciled and in business, and 3) this Court would also avoid tangling with 31 U.S.C. 3124.

Should this Court require further explanation as to why we are here or the defenses to some of the Defendants comments please refer back to Plaintiff's original document, simply repeating it here is a waste of this Court's time.

For the reasons stated above, it is now this Courts duty to state the retained rights of the State and its political subdivisions to the ceded land and to provide answers to the subsequent questions.

Failing to answer these questions puts the United States on the hook for failing to maintain private property rights, preventing redress of government and aiding and abetting the state and its political subdivisions in an unconstitutional taking in violation of the Fifth Amendment.

**Respectfully Submitted**

/s/ Michael F. Palma
Michael F. Palma
5026 Autumn Forest Dr.
Houston Texas 77091
713-263-9937
Mpalma1@gmail.com

**CERTIFICATE OF FILING AND E-MAILING**

I certify that on May 24, 2021 the foregoing document was e-mailed to all parties listed in the Certificate of Service and sent to the Clerk of the Court by email to houston_operation@txs.uscourts.gov.

**CERTIFICATE OF SERVICE**

I certify that on May 24, 2021 the foregoing document was submitted via email to all known defendant's counsel as of this date: John Daniel Coolidge and Ramon G. Viada, cc to Jennifer Holloway and Merry Smith

**Respectfully Submitted**

/s/ Michael F. Palma
Michael F. Palma