United States District Court
Southern District of Texas
**ENTERED**
October 22, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL PALMA, § | |
|     *Plaintiff*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:21-CV-1210 |
| § | |
| STATE OF TEXAS, ET AL, § | |
|     *Defendants*. § | |

## MEMORANDUM AND RECOMMENDATION

This case is before the Court on the Motion to Dismiss of the Harris County Appraisal District and Appraisal Review Board (ECF 12) and the Motion to Dismiss of the State of Texas Defendants (ECF 17), as well as Plaintiff Palma's "Motion for Emergency Unopposed Preliminary Injunction" (ECF 6), "Motion for Directed Verdict" (ECF 20)[1] and a Motion for Summary Judgment (ECF 21).  The motions have been fully briefed and are ripe for adjudication.[2]

Plaintiff Michael Palma is a serial litigant who has filed numerous lawsuits protesting the requirement to pay property taxes.[3]  Plaintiff made claims against the Harris County Appraisal District and two Texas state district court judges which are very similar to the claims he is asserting in this case in *Palma v HCAD at al*., Civil Action No. 4:20-CV-02741 (consolidated with 4:20-CV-02743).  United States District Judge Alfred H. Bennett recently adopted Magistrate Judge Frances H. Stacy's recommendation and dismissed those claims with prejudice.  *Id*. at ECF 55 (S.D. Tex. Aug. 3, 2021).  Furthermore, in March 2019, United States Magistrate Judge Nancy

---

[1] Defendants Response to the Motion for Directed Verdict (ECF 25) was docketed as a motion in error.  Docket entry 25 is terminated as a motion.

[2] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 5.

[3] *See* ECF 17 at 8 n.2 (listing cases).

Johnson dismissed Palma's claims against multiple individual members of the Appraisal Review Board pursuant to the *Rooker-Feldman* doctrine[4] and denied leave to assert constitutional claims like those in this case because "it is well settled that real property taxes are constitutional." *Palma v. Luker et al.*, Civil Action No. 4:18-CV-0335, ECF 47, 10 (S.D. Tex. March 25, 2019)(quoting *Commonwealth Edison Co. v. Montana*, 453 U.S. 609, 624 (1981)).

Palma filed this case against Governor Gregg Abbott, the Harris County Appraisal District, and others alleging that property taxes on his land are unconstitutional because Texas ceded all right to the land in the 1848 "McCleland Land Patent." ECF 1. He seeks an order enjoining Defendants "from moving forward with the ad valorem tax scheme for tax year 2020 and all years moving forward to include all aspects, avenues and devices used in the ad valorem tax scheme." ECF 6. The County and State Defendants moved to dismiss Palma's claims for lack of subject matter jurisdiction and alternatively on the merits. The Court recommends dismissal of Palma's claims because it lacks jurisdiction pursuant to 28 U.S.C. § 1341 and the Eleventh Amendment. Furthermore, because Palma's claims are frivolous, the Court recommends dismissal with prejudice pursuant to 28 U.S.C. § 1915.

This Court has no jurisdiction to enjoin taxing authorities acting pursuant to state law. The Tax Injunction Act (TIA) expressly excepts federal subject-matter jurisdiction over all suits, even those raising a federal question, "to enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Texas courts provide a speedy and efficient remedy for Palma's claims that his property is exempt from ad valorem taxes as well as for his constitutional claims. Palma lost his state court case challenging ad valorem taxes in 2018. *See Palma v. Harris Cty.*

---

[4] The *Rooker-Feldman* doctrine holds that "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994).

*Appraisal Dist.*, No. 01-17-00502-CV, 2018 WL 1473792, at *2 (Tex. App. Mar. 27, 2018) (holding that the Appraisal District "proved as a matter of law that the subject property has situs in Harris County and is appraisable by the District."). Thus, this case is barred by 28 U.S.C. § 1341. *See, e.g., See Palma v. Harris County Appraisal Dist.*, 448 F. App'x. 498, 498 (5th Cir. 2011) (affirming Rule 12(b)(1) dismissal of Palma's § 1983 claims against HCAD because "federal courts may not restrain the assessment of state taxes"); *Clark v. Andrews Cty. Appraisal Dist.*, 251 F. App'x 267, 268 (5th Cir. 2007) ("[B]asing a complaint upon alleged violation[s] of civil rights . . . or the Federal Constitution will not avoid the prohibition contained in Section 1341."); *Smith v. Travis Cty. Educ. Dist.*, 968 F.2d 453, 456 (5th Cir. 1992) ("[T]he Tax Injunction Act bars the district court from asserting jurisdiction unless the State fails to supply a plain, speedy and efficient remedy for the taxpayers' claim."); *Hanley v. City of Houston*, No. H-05-4370, 2006 WL 8446197, *4 (S.D. Tex. Apr. 21, 2006) ("[T]his Court lacks subject matter jurisdiction over Plaintiff's tax-related claims against HCAD").

In addition, Plaintiff's claims against the State of Texas and its officers are barred by the Eleventh Amendment.[5] *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984). The statutes on which Plaintiff's case is ostensibly based, (*see* ECF 1 at 5), do not expressly waive state sovereign immunity. *Sessions v. Rush State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. 1981) (no waiver for Section 1981 claim); *Howlett By &Through Howlett v. Rose*, 496 U.S. 356, 364-65 (1990) (no waiver for Section 1983 claim); *Fincher v. State of Florida Dept. of Labor & Emp't Sec.-Unempl't App. Comm'n*, 798 F.2d 1371, 1372 (11th Cir. 1986) (no waiver for Section 1985

---

[5] There are no plausible allegations that Greg Abbott, Ken Paxton, and George P. Bush have some connection to enforcement of property taxes as required to pursue an action for injunctive relief under *Ex Parte Young*, 209 U.S. 123, 157 (1908).

claim). Palma has presented no authority holding that Texas has waived its Eleventh Amendment immunity for purposes of his claims.

Although dismissals for lack of subject matter jurisdiction are generally without prejudice, this case is subject to dismissal with prejudice under 28 U.S.C. § 1915(e)(2) because Palma was granted leave to file this action in forma pauperis.[6] *See* Civil Action No. 4:21mc0832. This case "lacks arguable basis either in law or in fact" and "there is no realistic chance of ultimate success." *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989) (affirming dismissal of case as frivolous under 28 U.S.C. § 1915(e)(2)); *Berry v. Hudgins*, No. 3-11-CV-0085-G-BD, 2011 WL 334816, at *1 (N.D. Tex. Jan. 14, 2011) ("A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i)."), *report and recommendation adopted sub nom. Berry v. Hudgin,* No. 3:11-CV-0085-G BD, 2011 WL 335313 (N.D. Tex. Jan. 31, 2011). In addition, "[a] complaint that duplicates claims asserted in an earlier case may be deemed malicious and subject to summary dismissal." *Id.*

Therefore, the Court recommends that Defendants' motions (ECF 12, 17) be GRANTED, Plaintiff's motions (ECF 6, 20, 21) be DENIED, and this case be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass*

---

[6] Section 1915(e)(2) authorizes preliminary review and dismissal of all in forma pauperis actions "at any time" and thus Palma's claims should be dismissed as to all Defendants, regardless of whether they have appeared in this action. *See Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) (the district court may dismiss an in forma pauperis proceeding before service of process or before the filing of the answer if it states its reasons).

*v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on October 21, 2021, at Houston, Texas.

                                                             Christina A. Bryan
                                         United States Magistrate Judge